UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESUS MARTINEZ,

                    Plaintiff,

     v.

HANA ALBANY INC., and JOHN DOE 1,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No.:

**COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

1:22-cv-01066 (BKS/CFH)

Plaintiff JESUS MARTINEZ ("Plaintiff"), by and through his attorneys VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendants HANA ALBANY INC. ("Hana") and John Doe 1, individually and as an Officer, Director, and/or Principal of Hana (collectively, "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"); New York Labor Law ("NYLL"); the New York Codes, Rules and Regulations ("NYCRR"); and any other cause(s) of action that can be inferred from the facts set forth herein.

## **<u>INTRODUCTION</u>**

1. This is a putative collective action brought by Plaintiff challenging acts committed by Defendants against Plaintiff and those similarly situated, which amount to violations of federal and state wage and hour laws.

2. Defendants employed Plaintiff and all other persons similarly situated as Busboys (collectively with Plaintiff, "Busboys"), who cleaned Defendants' restaurant tables.

3. First, pursuant to 29 U.S.C. § 216(b), on behalf of himself and a collective of persons who are and were employed by Defendants as Busboys during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily required

rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) liquidated damages; (iv) interest; (v) attorneys' fees and costs; and (vi) such other and further relief as this Court finds necessary and proper.

4. Second, Plaintiff individually brings this action pursuant to the NYLL and NYCRR for Defendants' minimum wage, overtime, "spread of hours," wage statement, and wage notice violations and is entitled to recover (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law; (ii) unpaid overtime; (iii) unpaid "spread of hours" pay; (iv) liquidated damages; (v) penalties; (vi) interest; (vii) attorneys' fees and costs; and (viii) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (ii) under 29 U.S.C. §§ 201 *et seq*.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201 *et seq*., in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendants maintain facilities, conduct business and reside in this district.

7. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of

operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

## THE PARTIES

8. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, the NYLL, and the NYCRR and is domiciled in New York State.

9. Upon information and belief, Defendant Hana is a privately owned business organized under the laws of the state of New York and has its principal place of business at 1620 Western Avenue, Albany, New York 12203.

10. Defendant Hana has at all relevant times been an "employer" covered by the FLSA, the NYLL, and the NYCRR.

11. Upon information and belief, the amount of qualifying annual volume of business for Defendant Hana exceeds $500,000.00 and thus subjects Defendant Hana to the FLSA.

12. Upon information and belief, Defendant Hana is engaged in interstate commerce. This independently subjects Defendant Hana to the FLSA.

13. Defendant John Doe 1 is the President, Chief Executive Officer, Owner, and/or Principal of Defendant Hana.

14. Upon information and belief, Defendant John Doe 1 is believed to be Tin On Cheung, but discovery is required to confirm such.

15. Upon Information and belief, Defendant John Doe 1 is domiciled in Albany County, New York and transacted business in New York and within Albany County by employing Plaintiff and those similarly situated.

16. Defendant John Doe 1 has at all relevant times been an "employer" covered by the FLSA, NYLL, and the NYCRR.

17. Defendant John Doe 1 had the power to hire and fire Plaintiff.

18. Defendant John Doe 1 had the power to set Plaintiff's schedule, pay rate, and pay basis.

19. Defendant John Doe 1 had the power to control the terms and conditions of Plaintiff's employment.

20. Defendants jointly employed Plaintiff and those similarily situated by employing or acting in the interest of employer towards Plaintiff directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering him to work.

## STATEMENT OF FACTS

21. In or around February 2019, Plaintiff began his employment for Defendants.

22. Defendants employed Plaintiff as a Busboy, a hospitality industry employee pursuant to the NYLL and NYCRR.

23. Plaintiff remained employed as a Busboy until his employment with Defendants ended on or around April 15, 2020.

24. The Busboys' job duties included, but were not limited to, cleaning tables.

25. The Busboys, including Plaintiff, were scheduled to work, and did in fact work, between 60 and 72 hours per week.

26. For example, Plaintiff was scheduled to work and did work from 10:00 am to 10:00 pm, six days per week.

27. Plaintiff worked in excess of 10 hours per day.

28. The Busboys, including Plaintiff, however, were only paid $5.00 per hour in cash plus tips.

29. Thus, the Busboys, including Plaintiff, were not paid any overtime wages at one and a half times their hourly rate for all hours worked in excess of forty (40) per workweek.

30. Throughout his employment for Defendants, Plaintiff was not issued a "spread of hours" pay at New York State's minimum wage for each day worked in excess of 10 hours.

31. Throughout his employment for Defendants, Plaintiff was paid below New York State's minimum wage.

32. Throughout his employment for Defendants, Plaintiff was not issued any wage statements or wage notices as required by NYLL § 195.

33. Defendants' violations of the FLSA, NYLL, and NYCRR were willful.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective:

> All Busboys employed by Defendants during the past three (3) years through the final date of disposition of this action, who are or were required to work in excess of forty (40) hours per workweek without compensation at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

35. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Overtime Collective[1] because, while employed by Defendants, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

---

[1] Hereinafter referred to as the "FLSA Plaintiffs".

36. Defendants are and have been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully choose not to.

37. The FLSA Plaintiffs, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines it appropriate to do so.

38. The number of FLSA Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

39. All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Defendants' failure to pay statutorily required rate of one and a half (1½) times the FLSA Plaintiffs' hourly rate for all hours worked in excess of forty (40) per workweek are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

40. Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

41. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

42. Plaintiff's attorneys are familiar and have experience with collective and class action litigation, as well as employment and labor law litigation.

43. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying

results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

44. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. § 207, Made by Plaintiff on Behalf of All FLSA Plaintiffs**

45. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

46. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

47. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime wages for all hours worked per over 40 per workweek by only paying them $5.00 per hour.

48. Plaintiff and the FLSA Plaintiffs were entitled to overtime payment for all hours worked in excess of 40 per workweek.

49. Defendants' conduct was willful and lasted for the duration of the relevant time period.

50. Defendants' conduct was in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
The New York Labor Law and the New York Codes, Rules, and Regulations
§ 146-1.4 and § 142-2.2
(Failure to Pay Overtime Wages)

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Throughout the relevant time period, Plaintiff worked in excess of 40 hours per workweek.

53. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutorily required overtime wages for all hours worked per 40 per workweek by only paying him $5.00 per hour.

54. Plaintiff was entitled to overtime payment for all hours worked in excess of 40 per workweek.

55. Defendants' conduct was willful and lasted for the duration of the relevant time period.

56. Defendants' conduct was in violation of the New York Labor Law and New York Codes, Rules, and Regulations § 146-1.4 and § 142-2.2.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
The New York Labor Law § 652 and the
New York Codes, Rules, and Regulations § 146-2.7
(Failure to Pay Minimum Wages)

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutorily required New York State minimum wage for all hours worked per workweek by paying him $5.00 per hour.

59. Plaintiff was entitled to payment at the statutory New York State minimum wage for all hours worked per workweek.

60. Defendants' conduct was willful and lasted for the duration of the relevant time period.

61. Defendants' conduct was in violation of the New York Labor Law § 652 and New York Codes, Rules, and Regulations § 146-2.7.

### .AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law and the New York Codes, Rules, and Regulations § 146-1.6
### ("Spread of Hours" Pay)

251. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

252. Defendants knowingly failed to pay Plaintiff the statutorily required "spread of hours" pay for each day worked in excess of ten (10) hours.

253. Plaintiff was entitled to "spread of hours" pay for each day worked in excess of ten (10) hours.

254. Defendants knowingly failed to pay Plaintiff the "spread of hours" pay for each day worked in excess of ten (10) hours.

255. Defendants' conduct was willful and lasted for the duration of the relevant time period.

62. Defendants' conduct was in violation of the New York Labor Law and the New York and the New York Codes, Rules, and Regulations § 146-1.6.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### The New York Labor Law § 195
### (Failure to Provide Proper Wage Statements and Notices)

256. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

257. Pursuant to the NYLL, employers are required to furnish employees with every payment of wages a statement that includes, among other things, an accurate wages, accurate, number of hours worked, and the employer's phone number.

258. Also pursuant to the NYLL, employers are required to provide employees with a notice at the time of hiring that includes, among other things, tip credits and the employer's telephone number.

259. Throughout the relevant time period, Defendants knowingly failed to provide Plaintiff with the required wage statements and notices pursuant to NYLL.

260. Defendants' conduct was willful and lasted for the duration of the relevant time period.

261. Defendants' conduct was in violation of New York Labor Law § 195.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective Plaintiffs demand judgment against Defendants as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective counsel;

C. Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed Collective members under the FLSA;

E. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

F. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law; the New York Code Rules & Regulations; and the Wage Theft Prevention Act.

G. All damages which Plaintiff and all Collective Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, and penalties;

H. An award to Plaintiff and all Collective Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

I. An award to Plaintiff and all Collective Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J. An award to Plaintiff and all Collective Plaintiffs for the amount of unpaid wages, including interest thereon, liquidated damages subject to proof, and penalties;

K.  Awarding Plaintiff and all Collective Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L.  Pre-judgment and post-judgment interest, as provided by law; and

M.  Granting Plaintiff and all Collective Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated:  September 16, 2022
        Garden City, New York

Respectfully submitted,

/s/ *Robert J. Valli, Jr.*
Robert J. Valli, Jr.
Alexander M. White <pro hac vice pending>
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248

*Attorneys for Plaintiff*